D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JONATHAN E. MELENDEZ, 09009938

                Plaintiff,

                -against-

NASSAU COUNTY, NEW YORK STATE,
NASSAU COUNTY SHERIFF'S DEPARTMENT
DIVISION OF CORRECTION, NASSAU COUNTY
CORRECTIONAL CENTER, OFFICER CORPRAL
[SIC] CITRIN SHIELD # JOHN DOE, OFFICER
BROWN SHIELD # 2821, OFFICER
COCHE SHIELD # JOHN DOE, OFFICER SGT.
LETMAN SHIELD # 17, OFFICER SOTIRION
SHIELD # 2938, OFFICER CORPRAL [SIC]
JOHN DOE SHIELD # JOHN DOE,
JOE GIRALDIN, JANE DOE OF THE MHU,
LEGAL AID SOCIETY, LUTANET [SIC]
JANE DOE SHIELD # JD

                Defendants.
----------------------------------------------------------------X

**OPINION & ORDER**
10-CV-2516 (SJF)(WDW)

FEUERSTEIN, District Judge:

I.    Introduction

On May 11, 2010, *pro se* plaintiff Jonathan E. Melendez ("Plaintiff") commenced this action against defendants Nassau County, New York State, Nassau County Sheriff's Department Division of Correction, Nassau County Correctional Center, Officer Corpral [sic] Citrin ("Officer Citrin"), Officer Brown, Officer Coche, Sargent [sic] Letman ("Sergeant Letman"), Officer Sotirion, Officer Corpral [sic] John Doe ("Officer John Doe"), Joe Giraldin, Jane Doe of the Mental Health Unit ("Jane Doe"), the Legal Aid Society, and Lutanet [sic] Jane Doe ("Lieutenant Jane Doe") pursuant to 42 U.S.C. § 1983 ("Section 1983"), and filed an application to proceed *in*

*forma pauperis*. Upon review of Plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the Complaint is *sua sponte* dismissed with prejudice as against New York State, Nassau County Sheriff's Department Division of Correction, Nassau County Correctional Center, and the Legal Aid Society and without prejudice as against Nassau County, Officer Brown, Officer Coche, Sergeant Letman, Officer Sotirion, Jane Doe, and Lieutenant Jane Doe.

II.  The Complaint

Plaintiff challenges the conditions of his confinement and purports to allege a violation of the Eighth Amendment's prohibition of cruel and unusual punishment brought pursuant to Section 1983. In his sparse, handwritten complaint, Plaintiff alleges that "I was kept in 72-hours for 14-days. With no hold. I was put in bloody, feces, and urinated cells so that I may become sick. I was kept without a mattress and threating [sic] to be beat." (Compl. ¶ II). Plaintiff further alleges he attempted suicide twice because of the abuse, and Officer Citrin and Officer John Doe threatened to beat him. Plaintiff seeks, *inter alia*, an investigation into his claims and twenty-five million dollars ($25,000,000) for his alleged injuries which include "vomitting [sic] blood, enoscopy, colonoscopy, mental anguish, fear, paranoiea [sic], cut my rist [sic], pain and suffering, hoplessness [sic], hepless [sic], deep depression, emotional distress, two angziotie [sic] attacs [sic], and loss of sleep." (Compl. ¶¶ IV-V).

III. Discussion

   A.   The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) ("[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

   B.   Section 1983

3

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Here, upon a liberal construction, it appears that Plaintiff purports to allege a violation of the Eighth Amendment's prohibition of cruel and unusual punishment arising from the alleged conditions of Plaintiff's confinement.

1. Conditions of Confinement

As noted above, the Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Prohibited punishment includes that which "involve[s] the unnecessary and wanton infliction of pain. Streeter v. Goord, 519 F. Supp. 2d 289, 297 (S.D.N.Y. 2007) (quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S. Ct. 2909, 49 L. Ed. 2d 859 (1976)). While the Eighth Amendment's prohibition against cruel and unusual punishment "does not mandate

4

comfortable prisons," Gatson v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001) (quoting Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981)), the conditions of confinement must be at least "humane." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). In order to establish a constitutional violation, a prisoner must satisfy a two-prong test comprised of both an objective and subjective prong. Williams v. Carbello, 666 F. Supp. 2d 373, 378 (S.D.N.Y. 2009) (citing Farmer, 511 U.S. at 834).

      a.    Objective Prong

To satisfy the objective prong, a "plaintiff must demonstrate that the conditions of his confinement result in unquestioned and serious deprivations of basic human needs" or deprived him "of the minimal civilized measure of life's necessities." Govan v. Campbell, 289 F. Supp. 2d 289, 296 (N.D.N.Y. 2003) (quoting Anderson v. Coughlin, 757 F.2d 33, 34-35 (2d Cir. 1985)). A denial of basic human needs includes food, clothing, shelter, medical care, reasonable safety, or exposure to conditions that pose an unreasonable risk of serious damage to prisoner's future health. Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002); see also; Gatson, 249 F.3d at 165 (unsanitary conditions in the cell such as human feces, urine, sewage water, and rodent infestation is a colorable claim under the Eighth Amendment); Mitchell v. Maynard, 80 F.2d 1433, 1442 (10th Cir. 1996) (allowing inmate only minimum amounts of toilet paper can contribute to unconstitutional conditions of confinement); Corselli v. Coughlin, 842 F.2d 23, 27 (2d Cir. 1988) (prolonged periods of exposure to bitter cold may be an Eighth Amendment violation); Chandler v. Baird, 926 F.2d 1057, 1065-66 (11th Cir. 1991) (denial of basic sanitation

5

items for two days and remaining in a frigid cell for 16 days with denial of bedding and clothing except for undershorts may be an Eighth Amendment violation).

In this case, Plaintiff alleges that he was "kept in 72-hours for 14-days [without a mattress]. With no hold. I was put in bloody, feces, and urinated cells so that I may become sick." (Compl. ¶ II). Given these allegations, the Court finds that Plaintiff has alleged a colorable claim under the Eighth Amendment and thus the objective prong is satisfied.

b.  Subjective Prong

The subjective element requires a plaintiff to show that the prison official acted with a "sufficiently culpable state of mind." Govan, 289 F. Supp. 2d at 296 (citing Farmer, 511 U.S. at 834). A prisoner must allege that the defendants knew of and disregarded an excessive risk to inmate health of safety. Williams, 666 F. Supp. 2d at 378. Defendants "must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and [they] must also draw the inference." Phelps, 308 F.3d at 185-86. Further, conditions must be imposed by the defendants with "deliberate indifference" to the well-being of the prisoner. Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). "A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates." Gaston, 249 F.3d at 164.

In the present case, Plaintiff alleges that he made repeated complaints about the

6

conditions of his confinement that were ignored and that his multiple grievances were simply "sent back." Given these allegations, at this early stage, the Court finds that the complaint barely but sufficiently sets forth enough facts to satisfy the subjective prong. While it may be that Plaintiff is unable to prevail on his Section 1983 claims, the Court's uncertainty does not justify dismissal at this early juncture. McGuinnis, 357 F.3d at 200. Having found that Plaintiff has sufficiently alleged a violation of the Eighth Amendment pursuant to Section 1983, the Court next address whether such claim is plausible as asserted against each of the defendants.

   i.  Claims Against New York State

A state is immune from suits brought in federal courts by citizens of another State as well as by its own citizens. Sandoval v. Dep't of Motor Vehicles State of New York, 333 F. Supp. 2d 40, 42 (E.D.N.Y. 2004) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S. Ct. 114, 134 L. Ed. 2d 252 (1996). There are, however, two exceptions to a State's sovereign immunity: (1) a State may waive its sovereign immunity by consenting to suit, Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); or (2) Congress may abrogate the sovereign immunity of the States by acting pursuant to its enforced powers under Section 5 of the Fourteenth Amendment. See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 80, 120 S. Ct. 631, 145 L. Ed. 2d 522 (2000). Here, New York has not consented to this suit, nor does Section 1983 abrogate the State's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 345, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); Lipofsky v. Steingut, 86 F.3d 15, 18 (2d Cir. 1996); Sandoval, 333 F. Supp. 2d at 43; Timmons v. New York State Dep't of Correctional Services, 887 F. Supp. 576, 580 (S.D.N.Y.

1995). Therefore, Plaintiff's claim against New York State is not plausible and is dismissed with prejudice.

2. Claims Against Nassau County

A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. See Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also Pembaur v. Cincinnati, 475 U.S. 469, 478-479, 108 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir.2000)(noting that a municipality "cannot properly be held liable . . . unless the injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy"), (internal citations and quotation marks omitted), cert. denied, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); Ricciuti v. N.Y. City., 941 F.2d 119, 123 (2d Cir. 1991). Because the Court cannot reasonably interpret the Complaint to contain allegations concerning an underlying municipal policy or custom that deprived the Plaintiff of a constitutional right, Plaintiff has failed to state a claim against Nassau County. Accordingly, Plaintiff has not plead a plausible Section 1983 claim against Nassau County and the Complaint as against Nassau County is dismissed without prejudice and with leave to amend such claim against Nassau County in accordance with this Order. Plaintiff shall file any amended Complaint in accordance **within thirty (30) days from the date this Order is served with notice of entry upon him**, or his claims will be deemed dismissed with prejudice as against Nassau County.

Plaintiff is warned that his failure to timely amend his Complaint will lead to the dismissal of his claims against these defendants with prejudice.

3. Claims Against Nassau County Sheriff's Department Division of Correction and Nassau County Correctional Center

Plaintiff alleges a Section 1983 claim against Defendants, Nassau County Sheriff's Department Division of Correction and Nassau County Correctional Center. However, "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because plaintiff has named the City of White Plains as a defendant, any claims against the [White Plains Department of Public Safety] are redundant. WPDPS does not have its own legal identity, and therefore the claims against it are dismissed."). Nassau County Sheriff's Department Division of Correction and Nassau County Correctional Center are administrative arms of Nassau County, and therefore are not suable entities. Accordingly, Plaintiff's claims against the Nassau County Sheriff's Department Division of Correction and the Nassau County Correctional Center are not plausible and are dismissed with prejudice.

4. Claims Against the Legal Aid Society

"[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."

Williams v. Jurow, No. 05 Civ. 6949 (DAB), 2007 WL 5463418, at *11 (S.D.N.Y. June 29, 2007) (quoting Schnabel v. Abramson, 232 F.3d 83, 86-87 (2d Cir. 2000). Legal Aid attorneys are "employed by a private not for profit legal services corporation . . . organized under the laws of New York [that] exists independent of any state or local regulatory authority." Neustein v. Orbach, 732 F. Supp. 333, 336 n. 3 (E.D.N.Y. 1990). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Williams, 2007 WL 5463418 at * 12 (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) (inner quotations and citations omitted). Given that the Legal Aid Society is not a state actor, Plaintiff's Section 1983 claim against it is not plausible and is thus dismissed with prejudice.[1]

5. Claims Against Officer Brown, Officer Coche, Sergeant Letman, Officer Sotirion, "Jane Doe of the MHU" and Lieutenant Jane Doe

Plaintiff's Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires that pleadings present a "'short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). When a complaint fails to comply

---

[1] Apart from the caption, the Complaint does not mention the Legal Aid Society nor does it include any allegations against it. Accordingly, the Complaint does not contain a "short plain statement of the claim [against the Legal Aid Society] showing that the pleader is entitled to relief in violation of Federal Rule of Civil Procedure 8.

with the Rule 8 pleading standard, the district court may dismiss it *sua sponte*. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). Plaintiff lists above named Defendants in the caption of the Complaint but provides no factual basis for their involvement. Without any factual allegations these Defendants are not put on fair notice of the claims being brought against them. Accordingly, the Complaint is dismissed without prejudice against Officer Brown, Officer Coche, Sergeant Letman, Officer Sotirion, "Jane Doe of the MHU" and Lieutenant Jane Doe.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)). Nevertheless, "[l]eave to amend, though liberally granted, may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Given Plaintiff's *pro se* status, he is granted leave to amend his Complaint to replead his Section 1983 claims against Nassau County, Officer Brown, Officer Coche, Sergeant Letman, Officer Sotirion, "Jane Doe of the MHU" and Lieutenant Jane Doe. Plaintiff shall file any amended Complaint in accordance with this Order **within thirty (30) days from the date this Order is served with notice of entry upon him**, or his claims will be deemed dismissed with prejudice as against Nassau County, Officer Brown, Officer Coche, Sergeant Letman, Officer Sotirion, "Jane

Doe of the MHU" and Lieutenant Jane Doe. Plaintiff is warned that his failure to timely amend his Complaint will lead to the dismissal of his claims against these defendants with prejudice.

6. Claims Against Corrections Officer John Doe

It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit, however in the case of *pro se* litigants this rule has been relaxed. Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir.1997). Here, Plaintiff has alleged claims against Corrections Officer John Doe who Plaintiff describes as the "morning officer on 11/15/09 while I was on 24-hour- 1 on 1 suicide watch." Compl. at ¶ 2D. The United States Marshal Service will not be able to serve the intended individual without further information. Accordingly, the Court hereby directs defendant Nassau County to ascertain the full name of the unidentified officer whom Plaintiff seeks to sue. If it is not feasible for Nassau County to ascertain the full name of the unidentified officer, the County should communicate this to the Court in writing. Once the identifying information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of this officer, a summons shall be issued, and the Court shall direct service on Officer John Doe.

## VI. Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis*. The Complaint is *sua sponte* dismissed with prejudice as against New York State, Nassau County Sheriff's Department Division of Correction, Nassau County Correctional Center and the Legal Aid Society and without prejudice as against Nassau County, Officer Brown, Officer Coche, Sergeant Letman, Officer Sotirion, "Jane Doe of the MHU" and Lieutenant Jane Doe, with leave to amend within thirty (30) days from the date this Order is served with notice of entry upon Plaintiff.

The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six (6) months immediately preceding this Order, in accordance with Plaintiff's authorization in his *in forma pauperis* application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent (20%) from the prisoner's trust fund account.

The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon defendants Officer Citrin and Joe Giraldin without prepayment of fees. Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated and to serve notice of entry of this

Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* Plaintiff at his last known address, see Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

_____
Sandra J. Feuerstein
United States District Judge

Dated: September 17, 2010
      Central Islip, New York